IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MCELROY, | : | Civil No. 1:18-cv-02205-SHR |
| Plaintiff, | : | |
| v. | : | |
| AWEIGH BOATS, LLC and THE MARINE SPECIALISTS OF FLORIDA, LLC d/b/a THE MARINE SPECIALISTS, | : | |
| Defendants. | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Plaintiff James McElroy ("Plaintiff") brings this breach of contract and negligence action against Defendants Aweigh Boats, LLC ("Aweigh") and The Marine Specialists of Florida, LLC d/b/a The Marine Specialists ("Marine Specialists"). Before the court is moving Defendant Aweigh's motion (Doc. 5) to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). Fed. R. Civ. P. 12(b)(3), (b)(6). Defendant Aweigh seeks dismissal for, *inter alia*, improper venue and failure to state a claim. (*See* Docs. 5-6). For the reasons that follow, the court will deny the motion to dismiss and transfer these proceedings to the Eastern District of Pennsylvania.

I. **Background**

   A. **Facts**

   The following facts are taken as true for purposes of the motion to dismiss. Plaintiff resides at 113 Mount Hope School Road, Willow Street, Lancaster County, Pennsylvania. (Doc. 1, ¶ 1.) On April 2, 2018, Plaintiff, at his residence, executed a contract with Defendant Marine Specialists to complete a marine survey of the vessel, "Seas the Day," which was located in Florida. (*Id.* at ¶¶ 4-5.) Defendant Marine Specialists' principal place of business is Florida. (*Id.* at ¶ 3.) The survey conducted included an inspection of the vessel's engines and machinery. (*Id.* at Ex. B.) Subsequently, Plaintiff purchased the marine vessel on April 12, 2018. (*Id.* at ¶ 5.)

   Following the purchase of the vessel, Plaintiff, at his residence, executed a contract with Defendant Aweigh to transfer the vessel from Florida to Maryland. (*Id.* at ¶¶ 2, 12.) Defendant Aweigh's principal place of business is New Jersey. (*Id.* at ¶ 2.) On April 18, 2018, Defendant Aweigh's master reported to the vessel, conducted an initial inspection, and began the transport. (*Id.* at ¶¶ 13-16.) Despite frequent engine checks, on April 22, 2018, an unknown defect caused one engine to lose oil and stall. (*Id.* at ¶¶18-20.)

Plaintiff alleges that both defendants breached their respective obligations under the contracts and breached the duty of care owed to Plaintiff given their expertise.

### B. Procedural History

Plaintiff commenced this action by filing a complaint in the Middle District of Pennsylvania on November 14, 2018 setting forth claims for breach of contract and negligence. (Doc. 1.) On December 20, 2018, Defendant Aweigh responded with a motion to dismiss and brief in support for failure to state a claim and improper venue. (Docs. 5 & 6.) On January 4, 2019, Plaintiff filed a response in opposition to the motion (Doc. 7), to which Defendant Aweigh replied on January 17, 2019 (Doc. 11). Accordingly, the motion has been fully briefed and is ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss a complaint for improper venue. Fed. R. Civ. P. 12(b)(3). When venue is improper, a district court must dismiss the action or, if in the interest of justice, transfer the action to a district in which it could have been brought. 28 U.S.C. § 1406(a). The party moving for dismissal based on improper venue "has the burden of proving the affirmative defense." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). When considering a motion to dismiss for improper venue, the

court must generally accept as true the allegations in the pleadings and must view the facts in the light most favorable to the nonmoving party. *Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). Although the court is given the ultimate discretion in transferring venue, the exercise of this discretion, in granting transfer, should not be doled out liberally. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citing *Handlos v. Litton Indus., Inc.*, 304 F. Supp. 347, 352 (E.D. Wis. 1969)).

### III. Discussion

#### A. Transfer of Venue

The court finds that a dismissal pursuant to Civil Procedure Rule 12(b)(3) would not be in the interest of justice, but finds, *sua sponte*, that a transfer of venue is proper.[1]

A district court may transfer a case to another district "in the interest of justice" if the court finds that "there is a want of jurisdiction" and the transferee court is one in which the action "could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.

It is longstanding policy in the Third Circuit to transfer cases to a proper forum when personal jurisdiction is in doubt. *See Schwilm v. Holbrook*, 661 F.2d

---

[1] Plaintiff and Moving Defendant Aweigh have indicated consent to transfer the matter to the Eastern District of Pennsylvania but Defendant Marine Specialist has not filed an appearance or expressed consent to transfer. (Doc. 5, ¶ 10; Doc. 7, p. 2.)

4

12, 15 (3d Cir. 1981). In this regard, "the interest of justice may require that the complaint not be dismissed but rather that it be transferred [under § 1631] in order that the plaintiff not be penalized by . . . time-consuming and justice-defeating technicalities." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (internal quotations omitted); *See Renner v. Lanard Toys, Ltd.*, 33 F.3d 277, 284 (3d Cir. 1994).

Pursuant to 28 U.S.C. § 1391(b)(2), an action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). In the instant case, the separate contracts between Plaintiff and Defendants are central to Plaintiff's claims. The contracts were executed at Plaintiff's residence, located within Lancaster County, which is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(b).

The court thus concludes that transfer under § 1631 is appropriate in the instant case. *See Goldlawr*, 369 U.S. at 467. Therefore, the court will transfer this action to the United States District Court for the Eastern District of Pennsylvania.

**IV. Conclusion**

The court will deny Moving Defendant Aweigh's motion and transfer this proceeding to the United States District Court for the Eastern District of Pennsylvania. An appropriate order shall issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 7, 2019